UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 09-405-KSF

PHYLLIS SCAGGS   PLAINTIFF

V. **OPINION & ORDER**

UNIVERSITY OF KENTUCKY   DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the motion of the defendant, the University of Kentucky (the "University"), to dismiss Counts II and III of the plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(c). The plaintiff, Phyllis Scaggs, filed a response to the motion. Subsequently, Scaggs filed an amended complaint. The University renewed its motion to dismiss but did not file a reply. The Court, having reviewed the record and being otherwise sufficiently advised, will grant the defendant's motion.

Scaggs is a former employee of the University. After she was terminated, she filed this action stating three counts against the University: Count I - that the University interfered with and denied the exercise of her rights under the Family Medical Leave Act ("FMLA"); Count II - that the University retaliated against her in violation of KRS 344.040 for taking medical leave pursuant to the FMLA; and Count III - that the University terminated her in violation of Employee Retirement Insurance Security Act ("ERISA"). The University contends that Count II and Count III should be dismissed for failure to state a claim as a matter of law.

The University contends that Count II should be dismissed because no cause of action exists under KRS 344.040 for retaliation or harassment for taking FMLA leave. Scaggs does not cite any case law to support an assertion that such a claim may be brought. Instead, she merely argues that she "has alleged sufficient facts to give the Defendant fair notice of the claim at issue" and that "a material issue of fact" exists as to whether a "hostile work environment" was created.

The Court finds that Count II of the complaint must be dismissed because KRS 344.040 does not provide for a cause of action for retaliation or harassment for taking leave pursuant to the FMLA. KRS 344.040 prohibits discrimination based on employees' "race, color, religion, national origin, sex, age forty (40) and over, because the person is a qualified individual with a disability, or because the individual is a smoker or nonsmoker, as long as the person complies with any workplace policy concerning smoking." This exhaustive list does not include protection for someone who takes family medical leave. Since Scaggs fails to state a claim as a matter of law, Count II must be dismissed.

The University argues that Count III should be dismissed because ERISA does not apply to benefits at issue in this case. In response, Scaggs contends that the ERISA claim is brought due to the University's violation of the FMLA so the University is not exempt. She does not cite any cases showing that such a claim is permissible.

The Court finds that Count III must be dismissed because ERISA does not apply to Scaggs' claim. As a "governmental plan," the plan at issue is exempt from ERISA coverage. Thus, it is impossible for the University to have violated ERISA. Scaggs fails to state a claim as a matter of law, and Count III must be dismissed.

Accordingly, **IT IS ORDERED** that the defendant's motion for partial judgment on the pleadings [DE 5] and the defendant's renewed motion for partial judgment on the pleadings [DE 15]

are **GRANTED**. Counts II and III of the plaintiff's complaint are **DISMISSED WITH PREJUDICE**.

This August 11, 2010.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge